## GEORGE BIDWELL *v.* J. W. JEAN.

[Abstract Kentucky Law Reporter, Vol. 1—61.]

**Pleading Pendency of Appeal and Supersedeas.**

> By failing to plead the pendency of the appeal and supersedeas one waives all advantage he might otherwise have derived from the supersedeas.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 3, 1880.

OPINION BY JUDGE COFER:

Conceding that the suits brought pending the appeal were a violation of the writ of supersedeas and a contempt of court, still, that cannot affect the validity of the judgments and sales. By failing to plead the pendency of the appeal and supersedeas the appellant

waived all advantage he might otherwise have derived from the supersedeas, and cannot now set it up to affect proceedings to which he failed to make defense.

. By permitting the judgments to. be rendered and the sales to be made and confirmed without objection' he became a party to the sales, and is as much bound by them, until they are set aside by a direct proceeding, as if he had made them himself. Before the judgment·pursuant to the mandate of this court was entered he had been divested of all title to and interest in the land as completely as if he had sold and conveyed it away, and on the facts as they really existed he had no right to a deed; but the judgment for it was a cloud upon the title and a menace to the appellee, which he had a right to have removed, and it was not the less so because the appellant may not have had any purpose to enforce the judgment.

That he had a right upon the face of the record to enforce the judgment gave the appellee a right to institute this suit, and conceding that the disavowal in the answer of any purpose to enforce it would have been sufficient to prevent him from afterward doing so, he was not prejudiced by the judgment. A right of action existed independently of the purpose of the appellant which, until declared in his answer, was concealed in his own bosom; and the fact that he had taken the judgment after all the land had been sold under judgments against him, and after he had been divested of all interest in the land, was enough to warrant the appellee in believing it would be enforced unless prevented by injunction.

It seems to us, therefore, that the judgment is right, and it is *affirmed.*

*Jas. S. Pirtle, for appellant.   J. L. Clemens, for appellee.*